IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**TOBIAS ROLLE,**

    **Petitioner,**

**vs.**

                                  **CASE NO. 4:10cv152-MP/WCS**

**KENNETH S. TUCKER, Secretary,**
**Florida Department of Corrections,**[1]

    **Respondent.**

                                    /

## REPORT AND RECOMMENDATION

    This is an amended petition for writ of habeas corpus filed by Tobias Rolle pursuant to 28 U.S.C. § 2254.  Doc. 1.  Petitioner challenges his convictions for second degree murder with a firearm and two counts of attempted first degree murder with a

---

[1] On August 24, 2011, Kenneth S. Tucker succeeded Edwin G. Buss as the Secretary of the Florida Department of Corrections, and is automatically substituted as Respondent.  Fed.R.Civ.P. 25(d).

firearm, case number 2000 CF 4064, in the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida.  *Id.*

Respondent filed a motion to dismiss the petition as untimely filed and submitted the record in paper form.  Doc. 17.  References herein to exhibits are to the record in paper form.  Petitioner has not filed a response to the motion.

**Legal analysis**

For the sake of simplicity, I will assume, as did Respondent (doc. 17, p. 4) that the initial petition was "filed" on April 21, 2010, when Petitioner certified that he had placed it into the mailing system at his prison.[2]  Doc. 1, p. 14.

There is a one year limitations period for filing a § 2254 petition.  28 U.S.C. § 2244(d)(1).  The period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," though there are later commencement dates.[3]   A conviction is not final until the expiration of a 90 day period for seeking certiorari review in the United States Supreme Court, or the conclusion of such review, whichever is later.  Nix v. Secretary for Dept. of Corrections, 393 F.3d 1235, 1237 (11th Cir.  2004), *cert. denied*, 545 U.S. 1114 (2005); Pugh v. Smith, 465 F.3d 1295, 1298-1299 (11th Cir. 2006); Clay v. United States, 537

---

[2] Respondent sets forth an argument, which need not be decided, that Petitioner did not properly use the institutional mailing system because he failed to obtain a date stamp in accordance with the procedures set forth in FLA. ADMIN. CODE R. 33-210.102(8)(g).  Doc. 17, p. 4, n. 2.

[3] The limitations period runs from the latest of specified dates, which also include (in addition to that quoted above): the date on which an unconstitutional impediment which prevented the applicant from filing is removed; the date on which the right asserted was initially recognized by the Supreme Court and made retroactive on collateral review; and the date on which the factual predicate for the claim could have been discovered by due diligence.  § 2244(d)(1)(A)-(D).

U.S. 522, 123 S.Ct. 1072, 1075, 155 L.Ed.2d 88 (2003) (also noting that the 90 days is counted from the date of the opinion on direct appeal rather than the mandate).[4]  "[T]he limitations period should be calculated according to the "anniversary method," under which the limitations period expires on the anniversary of the date it began to run." Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (citations omitted).

Respondent sets forth the history of Petitioner's state court litigation.  Petitioner's amended sentence dated October 25, 2006, was affirmed on direct appeal on May 8, 2008.  Ex. QQ.  For this court's purposes, the AEDPA one year period began on May 8, 2008.  The one year AEDPA period commenced 90 days later, on August 6, 2008, because Petitioner did not seek certiorari in the United States Supreme Court.

The limitations period is tolled for the time during which a "properly filed" application for relief is pending in state court.  § 2244(d)(2).  On September 30, 2008, Petitioner filed a petition for writ of habeas corpus in the First District Court of Appeal, claiming ineffective assistance of appellate counsel.  Ex. XX.  By this time, 55 days of the AEDPA one year period had elapsed, and Petitioner had 310 days remaining.  This petition tolled the time until October 27, 2008, when the First District Court of Appeal denied the petition.  Ex. ZZ.  The period began to run again on October 28, 2008. Absent further tolling, it ended 310 days later, on September 2, 2009.

---

[4] The 90 days for seeking certiorari runs from the date of the opinion, not the mandate, or (if a petition for rehearing is timely filed) from the denial of rehearing or (if rehearing is granted) the subsequent entry of judgment.  S.Ct. Rule 13(3).  In computing time, the event that begins the period is excluded, and the last day is included unless it is a Saturday, Sunday, legal holiday, or day on which the court is closed or inaccessible.  S.Ct. Rule 30(1); Fed.R.App.P. 26(a); Fed.R.Civ.P. 6(a).

On about April 9, 2009, Petitioner filed a second petition for writ of habeas corpus in the First District Court of Appeal, claiming ineffective assistance of appellate counsel. Ex. BBB.  This was denied on April 29, 2009, citing FLA. R. APP. P. 9.141(c)(4)(B) and 9.141(c)(5)(C).[5]  Ex. CCC.  Respondent argues that this 20 day period of potential tolling does not count because the appellate court cited these procedural rules and thus the petition was not "properly filed."  Doc. 17, pp. 8-10.  Respondent is correct.  Gorby v. McNeil, 530 F.3d 1363, 13666-67 (11th Cir. 2008), *cert. denied,* 129 S.Ct. 1592 (2009) (when post conviction application is untimely under state law it is not properly filed, and when a state court finds a motion untimely "that is the end of the matter"); Sweet v. Sec'y, Dep't of Corr., 467 F.3d 1311, 1317-18 (11th Cir. 2006), *cert. denied*, 550 U.S. 922 (2007); Allen v. Siebert, 552 U.S. 3, 4, 128 S.Ct. 2, 7, 169 L.Ed.2d 329 (2007).

Thus, the AEDPA one year period continued to run from October 28, 2010, without tolling, and ended on September 2, 2009.  Petitioner did filed this § 2254 petition until April 21, 2010.  There is no argument for equitable tolling.  Therefore, the petition is untimely.

**Certificate of Appealability**

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the

---

[5] Rule 9.141(c)(4)(B) (now Rule 9.141(d)(5)) established a 2 year period of limitations for filing such a petition.  Rule 9.141(c)(5)(C) (now Rule 9.141(d)(6)(C)) allowed the court to dismiss a successive petition that did not allege new grounds.

showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  § 2254 Rule 11(b).

I find no substantial showing of the denial of a constitutional right.  § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 1603-04, 146 L.Ed.2d 542 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, I recommend that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  The parties shall make any argument as to whether a certificate should issue by objections to this report and recommendation.

 Conclusion

Accordingly, it is **RECOMMENDED** that Respondent's motion to dismiss, doc. 17, be **GRANTED**, that this petition for writ of habeas corpus filed by Tobias Rolle pursuant to 28 U.S.C. § 2254, challenging  his convictions for second degree murder with a firearm and two counts of attempted first degree murder with a firearm, case number 2000 CF 4064,  in the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida,  be **DISMISSED WITH PREJUDICE as untimely filed** and that a certificate of appealability be **DENIED** pursuant to § 2254 Rule 11(a).

**IN CHAMBERS** at Tallahassee, Florida, on December 2, 2011.

                                      s/    William C. Sherrill, Jr.
                                      **WILLIAM C. SHERRILL, JR.**
                                      **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**