**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**TOBIAS L. ROLLE,**

      **Petitioner,**

**vs.**                                          **Case No. 4:10cv152-MP/CAS**

**STATE OF FLORIDA,**

      **Respondent.**

_____/


## REPORT AND RECOMMENDATION TO DISMISS § 2254 PETITION

      Pending is a second amended petition for writ of habeas corpus filed pursuant to

28 U.S.C. § 2254 by Petitioner Tobias L. Rolle, proceeding pro se.  Doc. 12.  On

December 2, 2011, this Court entered a Report and Recommendation that

Respondent's motion to dismiss, Doc. 17, be granted and the § 2254 petition be

dismissed with prejudice as untimely filed.  Doc. 19.  Thereafter, Petitioner filed

objections to that Report and Recommendation, Doc. 19, a motion to expand the record

to include documents attached to his objections, Doc. 21, and a motion to stay his

§ 2254 proceeding, Doc. 23.  By order dated August 9, 2012, the Chief United States

District Judge, M. Casey Rodgers, rejected the Report and Recommendation and

remanded the matter to the undersigned magistrate judge for consideration of whether (1) Petitioner's arguments raised in the objections and documents attached thereto justify equitable tolling in this case and (2) a stay and abeyance is appropriate.  Doc. 25.

After careful consideration of all issues raised, the undersigned has determined that no evidentiary or emergency hearing is required for disposition of this matter.  *See* Rule 8(a), R. Gov. § 2254 Cases in U.S. Dist. Cts.  For the reasons stated herein, Petitioner is not entitled to equitable tolling or a stay of this proceeding.  The pleadings and attachments before the Court show that Petitioner is not entitled to federal habeas relief, and the § 2254 petition should be dismissed as untimely.

## Procedural History

Petitioner Tobias L. Rolle, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on April 21, 2010.  Doc. 1.  This Court twice directed him to file an amended petition.  Docs. 5 and 9.  On August 6, 2010, Petitioner filed a motion for a stay, asserting that all of his personal legal material had been destroyed.  Doc. 10.  In the order denying that motion, this Court directed Petitioner to file a second amended petition, as explained therein and in the prior two orders.  Doc. 11.  On September 29, 2010, Petitioner filed a second amended § 2254 petition.  Doc. 12.  Thereafter, this Court directed Respondent to file an answer, motion, or other response.  Doc. 13.

On August 1, 2011, Respondent filed a motion to dismiss the § 2254 petition as untimely.  Doc. 17.  Petitioner did not file a response to that motion.  *See* Doc. 19 at 2.

On December 2, 2011, this Court entered a Report and Recommendation that

Respondent's motion to dismiss be granted and the § 2254 petition be dismissed with

prejudice as untimely filed.  Doc. 19.  In particular, this Court made the following

findings:

> Petitioner challenges his convictions for second degree murder with a firearm and two counts of attempted first degree murder with a firearm, case number 2000-CF-4064, in the Circuit Court of the Second Judicial Circuit, in and for Leon County Florida. . . .
>
> For the sake of simplicity, I will assume, as did Respondent . . . that the initial [§ 2254] petition was "filed" on April 21, 2010, when Petitioner certified that he had placed it in the mailing system at his prison.[]
>
> There is a one-year limitations period for filing a § 2254 petition [pursuant to the Antiterrorism and Effective Death Penalty Act (AEDPA)]. 28 U.S.C. § 2244(d)(1).  The period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," though there are later commencement dates. . . .
>
> Respondent sets forth the history of Petitioner's state court litigation.  Petitioner's amended sentence dated October 25, 2006, was affirmed on direct appeal on May 8, 2008.  Ex. QQ.  For this Court's purposes, . . . [t]he one-year AEDPA period commenced 90 days later, on August 6, 2008, because Petitioner did not seek certiorari in the United States Supreme Court.
>
> The limitations period is tolled for the time during which a "properly filed" application for relief is pending in state court.  § 2244(d)(2).  On September 30, 2008, Petitioner filed a petition for writ of habeas corpus in the First District Court of Appeal, claiming ineffective assistance of appellate counsel.  Ex. XX.  By this time, 55 days of the AEDPA one-year period had elapsed, and Petitioner had 310 days remaining.  This petition tolled the time until October 27, 2008, when the First District Court of Appeal denied the petition.  Ex. ZZ.  The period began to run again on October 28, 2008.  Absent further tolling, it ended 310 days later, on September 2, 2009.
>
> On about April 9, 2009, Petitioner filed a second petition for writ of habeas corpus in the First District Court of Appeal, claiming ineffective assistance of appellate counsel.  Ex. BBB.  This was denied on April 29,

2009, citing FLA. R. APP. P. 9.141(c)(4)(B) and 9.141(c)(5)(C). Ex. CCC. Respondent argues that this 20 day period of potential tolling does not count because the appellate court cited these procedural rules and thus the petition was not "properly filed." Doc. 17, pp. 8-10. Respondent is correct. Gorby v. McNeil, 530 F.3d 1363, 13666-67 [sic] (11th Cir. 2008), *cert. denied,* 129 S.Ct. 1592 (2009) (when post conviction application is untimely under state law it is not properly filed, and when a state court finds a motion untimely "that is the end of the matter"); Sweet v. Sec'y, Dep't of Corr., 467 F.3d 1311, 1317-18 (11th Cir. 2006), *cert. denied*, 550 U.S. 922 (2007); Allen v. Siebert, 552 U.S. 3, 4, 128 S.Ct. 2, 7, 169 L.Ed.2d 329 (2007).

Thus, the AEDPA one-year period continued to run from October 28, 2010 [sic], without tolling, and ended on September 2, 2009. Petitioner did [not] file[] this § 2254 petition until April 21, 2010. There is no argument for equitable tolling. Therefore, the petition is untimely.

Doc. 19 (footnotes omitted).

On December 19, 2011, Petitioner filed objections to the Report and Recommendation. Doc. 20. In his objections, Petitioner asserted a claim of equitable tolling "due to the fact that some extraordinary circumstance stood in his way." *Id.* at 2. In particular, Petitioner asserts "professional misconduct resulted in his untimely filing" of the § 2254 petition. *Id.* Petitioner cites Holland v. Florida, 560 U.S. –, 130 S.Ct. 2549 (2010). *Id.* Petitioner explains that Dr. Paul Luskin, J.D., misled Petitioner "that the one year limitation period for filing his § 2254 petition expired on April 26th, 2010. . . [w]ell over 200 days beyond the date on which the limitations period expired." *Id.* at 3. Petitioner states that "Petitioner made several attempts to put Dr. Luskin on notice that the limitation period actually expired on or about September 5, 2009" and references Exhibit B as well as several other attached exhibits, to support his assertions. *Id.* at 3-4. Petitioner also filed a motion seeking to expand the record with these exhibits. Doc. 21. Respondent does not appear to object to this motion to expand the record, *see* Doc. 22,

and, by separate order, this Court will grant Petitioner's motion and accept Petitioner's exhibits.

In his objections, Petitioner also takes issue with the findings in the Report and Recommendation concerning a habeas corpus petition filed in the First DCA on April 9, 2009, and denied April 29, 2009, by that court. Doc. 20 at 5. Petitioner challenges the Magistrate Judge's conclusion that he is not entitled to a 20-day period of tolling is erroneous and contrary to the holding in Artuz v. Bennett, 531 U.S. 4 (2000). *Id.* at 5-6. Petitioner asserts his state court habeas petition was "properly filed" under 28 U.S.C. § 2244(d)(2) and he is entitled to 20 days of tolling. *Id.* at 6.

Finally, Petitioner objects to the recommendation that a certificate of appealability be denied. *Id.* at 6-7. Petitioner asserts that a COA would be necessary if this Court upholds the Report and Recommendation findings. *Id.* at 7. In particular, Petitioner asserts that "reasonable jurists would find a conclusion denying Petitioner's claim that he's entitled to equitable tolling . . . due to professional misconduct and the specific facts of this case, to be debatable" and would also find debatable "a conclusion finding Petitioner's state habeas corpus petition was not 'properly filed.'" *Id.*

On January 4, 2012, Respondent filed a response to Petitioner's objections. Doc. 22. Respondent asserts the substance of Petitioner's legal objections are amply addressed by Respondent's previous filings in this case. *Id.* at 1. Respondent further argues that Petitioner is not entitled to equitable tolling "based on the representations of a disbarred former attorney who may be engaging in the unauthorized practice of law." *Id.* at 2-3.

Finally, on February 9, 2012, Petitioner filed a motion for a stay. Doc. 23. In this motion, Petitioner requests this Court hold his § 2254 petition in abeyance because, after he began this proceeding, he "discovered a previously unknown eyewitness, Andre Robinson, who can provide exculpatory evidence." Doc. 23 at 2. Respondent has not filed a response to this motion.

### Analysis

#### (1) Equitable Tolling

In <u>Holland</u>, the U.S. Supreme Court held that the limitations period in § 2244(d) "is subject to equitable tolling in appropriate cases." 130 S.Ct. at 2560. Further, that Court "previously made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562 (quoting <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418 (2005)). In <u>Holland</u>, the "extraordinary circumstances" involved "at attorney's failure to satisfy professional standards of care." <u>Holland</u>, 130 S.Ct. at 2562. The Eleventh Circuit in <u>Holland</u> held that such circumstances, "even attorney conduct that is 'grossly negligent' can never warrant tolling absent 'bad faith, dishonesty, divided loyalty, mental impairment or so forth on the lawyer's part.'" *Id.* at 2563 (quoting <u>Holland v. Florida</u>, 539 F.3d 1334, 1339 (11th Cir. 2008)). The U.S. Supreme Court determined that standard "is too rigid" and explained: "That rule is difficult to reconcile with more general equitable principles in that it fails to recognize that, at least sometimes, professional misconduct that fails to meet the Eleventh Circuit's standard could nonetheless amount to egregious behavior and create an extraordinary circumstance that warrants equitable tolling." *Id.* The Court

acknowledged that it had "previously held that 'a garden variety claim of excusable neglect,' . . . such as a simple 'miscalculation' that leads a lawyer to miss a filing deadline . . . does not warrant equitable tolling." *Id.* at 2564 (quoting <u>Irwin v. Dep't of Veterans Affairs</u>, 498 U.S. 89, 96 (1990), and <u>Lawrence v. Florida</u>, 549 U.S. 327, 336 (2007)). The Court distinguished the circumstances in <u>Holland</u>, however, explaining the case does not involve "a 'garden variety claim' of attorney negligence" but, rather "far more serious instances of attorney misconduct." *Id.* The Court explained that "although the circumstances of a case must be 'extraordinary' before equitable tolling can be applied, we hold that such circumstances are not limited to those that satisfy the test that the Court of Appeals used in this case." *Id.* The Court reviewed the record facts in the <u>Holland</u> case and explained:

> The record facts . . . suggest that this case may well be an "extraordinary" instance in which petitioner's attorney's conduct constituted far more than "garden variety" or "excusable neglect." To be sure, Collins [Holland's attorney] failed to file Holland's petition on time and appears to have been unaware of the date on which the limitations period expired – two facts that, alone might suggest simple negligence. But, in these circumstances, the record facts we have elucidated suggest that the failure amounted to more: Here, Collins failed to file Holland's federal petition on time despite Holland's many letters that repeatedly emphasized the importance of his doing so. Collins apparently did not do the research necessary to find out the proper filing date, despite Holland's letters that went so far as to identify the applicable legal rules. Collins failed to inform Holland in a timely manner about the crucial fact that the Florida Supreme Court had decided his case, again despite Holland's many pleas for that information. And Collins failed to communicate with his client over a period of years, despite various pleas from Holland that Collins respond to his letters.

*Id.* at 2564. The Court referred to an amicus brief and noted that "[a] group of teachers of legal ethics tells us that these various failure violated fundamental canons of professional responsibility" and, in this case, "the failures seriously prejudiced a client

who thereby lost what was likely his single opportunity for federal habeas review of the lawfulness of his imprisonment and of his death sentence." *Id.* at 2564-65. The Court did not reverse the case outright, however, because the district court had "rested its ruling not on a lack of extraordinary circumstances, but rather on a lack of diligence." *Id.* at 2565. The Court indicated that conclusion was incorrect:

> The diligence required for equitable tolling purposes is "'reasonable diligence,'" . . . not "'maximum feasible diligence,'" . . . . Here, Holland not only wrote his attorney numerous letters seeking crucial information and providing direction; he also repeatedly contacted the state courts, their clerks, and the Florida State Bar Association in an effort to have Collins – the central impediment to the pursuit of his legal remedy – removed from his case. And, the very day that Holland discovered that his AEDPA clock had expired due to Collins' failings, Holland prepared his own habeas petition pro se and promptly filed it with the District Court.

*Id.* Because "no lower court has yet considered in detail the facts of this case to determine whether they indeed constitute extraordinary circumstances sufficient to warrant equitable relief," the Court reversed the judgment and remanded the case for further proceedings. *Id.*

In this case, Petitioner relies on <u>Holland</u> to support his assertion of equitable tolling. In particular, Petitioner asserts that Dr. Paul Luskin, J.D., misled Petitioner "that the one year limitation period for filing his § 2254 petition expired on April 26th, 2010. . . [w]ell over 200 days beyond the date on which the limitations period expired." Doc. 20 at 3. Petitioner asserts that he "made several attempts to put Dr. Luskin on notice that the limitation period actually expire on or about September 5, 2009." *Id.* Petitioner references Exhibit B, attached to his pleading, which is a letter date-stamped July 22, 2009, from Petitioner to Dr. Luskin, in which Petitioner states the deadline for his § 2254 is September 5, 2009, by his calculation. Doc. 20 Ex. B. In his objections, Petitioner

further asserts, "Despite the letters from Petitioner and phone calls from Petitioner's family (Ex. F), that emphasized the concerns and the importance of Dr. Luskin having Petitioner's federal petition prepared and in Petitioner's possession so he can he can timely . . . file it, combined with Petitioner's identifying the applicable authorities and legal rules, Dr. Luskin refused to adhere Petitioner's pleas and was adamant that Petitioner's calculations was incorrect and the one year limitation period in this case actually expired on April 26th, 2010. (Ex. C)."  Doc. 20 at 3-4.  Petitioner states that he "gave in to Dr. Luskin's misleading statements" because Dr. Luskin is a former bar member and "is currently a certified paralegal, has a Juris Doctorate Degree, is active member of Florida Legal Support Association, and has well over a decade of experience in federal habeas corpus practice (Ex. G), while Petitioner is [a] layman in federal habeas corpus practice."  *Id.* at 4.  Petitioner further asserts:

> Petitioner went through necessary procedures to obtain the proper 28 U.S.C. § 2254 petition from the clerk of court of the U.S. District Court, Northern District of Florida. (Ex. D).  And contacted Dr. Luskin about acquiring his legal expertise, at least four months prior to the expiration date of one year limitation period as applied to his case.  (Ex. G).  Thus, Petitioner was diligently pursuing his rights and would have met the one year limitation period set forth in AEDPA, 28 U.S.C. § 2244(d), if not for Dr. Luskin's knowingly factual misrepresentation as to the expiration of the limitation period.

*Id.*  Petitioner concludes that, based on <u>Holland</u>, he is entitled to equitable tolling and his § 2254 petition should be accepted as timely filed.  *Id.*

Unlike the situation in <u>Holland</u>, however, the circumstances in this case do not involve attorney misconduct.  From information in Petitioner's objections and exhibits, as well as Respondent's response and exhibits, Dr. Luskin was not Petitioner's attorney, he was disbarred in 1991, and was not a bar member when working with Petitioner.

*See* Doc. 20 at 4; Doc. 22 at 3-4; Doc. 22 Exs. A and F.  As Respondent points out, even "garden variety" negligence of counsel in miscalculating the AEDPA limitations period is insufficient to warrant equitable tolling.  Doc. 22 at 9; *see, e.g.*, <u>Holland</u>, 130 S.Ct. at 2564 ("[A] garden variety claim of excusable neglect such as a simple miscalculation that leads a lawyer to miss a filing deadline does not warrant equitable tolling."); <u>Lawrence</u>, 549 U.S. at 336-37 ("Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel."); <u>Hutchinson v. Fla.</u>, 677 F.3d 1097, 1101-03 (11th Cir. 2012) (rejecting claim of equitable tolling where petitioner's attorneys miscalculated deadline, petitioner expressed concern to attorneys about deadline, and petitioner could have filed petition himself but waited, without explanation, nearly four years to do so).  Because attorney negligence in calculating the AEDPA timeline is not an extraordinary circumstance warranting equitable tolling, it does not seem that non-attorney negligence, assuming such negligence exists here, would warrant equitable tolling.  In this regard, this case appears more similar to those involving erroneous advice from inmate law clerks to pro se petitioners.  *See, e.g.*, <u>Whiddon v. Dugger</u>, 894 F.2d 1266, 1267 (11th Cir. 1990) (rejecting petitioner's argument for cause based "on his nonlawyer status, on what he sees as poor advice by inmate law clerks, and on a contention that he ought to have had legal assistance in preparing his collateral petition"); <u>Leftwich v. Sec'y, Dep't of Corr.</u>, No. 3:10cv424-J-37MCR, 2011 WL 4947531 *3 (M.D. Fla. Oct. 17, 2011) ("Inmate law clerks are not lawyers, and mere negligence on their part will not justify equitable tolling.").

Further, any misconduct by Dr. Luskin concerning the calculation of the limitation period did not stand in Petitioner's way and prevent Petitioner from filing his pro se § 2254 petition. Unlike the petitioner in <u>Holland</u>, Petitioner here was proceeding pro se and could have filed his § 2254 petition at any point, regardless of what Dr. Luskin advised. Indeed, in his objections, Petitioner states he believed the limitations period expired in September 2009 and he had gotten the § 2254 form himself from the court. Doc. 20 at 3-4; *see* Doc. 20 Exs. B and D. Petitioner has not demonstrated the type of due diligence that the petitioner in <u>Holland</u> did. Petitioner here received responses from Dr. Luskin, also unlike the situation in <u>Holland</u>. Notably, nothing in the exhibits Petitioner has provided indicates that Dr. Luskin told Petitioner when the deadline was for the § 2254 petition, though in a couple of letters Dr. Luskin states "in time for mailing before the April 26th date." Doc. 20 Exs. A, C; *see* Doc. 20 Exs. A-G. Regardless, that Petitioner may have chosen to believe any erroneous information from Dr. Luskin concerning his AEDPA deadline, rather than filing his pro se petition timely, does not constitute an extraordinary circumstance warranting equitable tolling.

Based on the foregoing, Petitioner's claim of equitable tolling should be rejected. Petitioner's remaining legal arguments in his objections, concerning whether he is entitled to a 20-day period of tolling during the pendency of a habeas corpus petition in the First DCA, were addressed and denied in the original Report and Recommendation, quoted above. Doc. 19. Notably, even allowing Petitioner these additional 20 days in September 2009, his § 2254 petition filed on April 21, 2010, is still untimely.

(2)  Motion for Stay

As indicated in the order remanding this case, Doc. 25, the United States
Supreme Court in Rhines v. Weber, 544 U.S. 269 (2005), held that a district court has
discretion to grant a stay and abeyance if (a) the petitioner had "good cause" for failing
to exhaust the claims in state court; (b) the unexhausted claims are "potentially
meritorious"; and (c) "there is no indication that the petitioner engaged in intentionally
dilatory litigation tactics."  Given that Petitioner's § 2254 petition is untimely, the stay
issue appears moot.  *See id.* at 275 (discussing "interplay between AEDPA's 1-year
statute of limitations" and "dismissal requirement" in Rose v. Lundy, 455 U.S. 509
(1982), and explaining that "[i]f a petitioner files a *timely* but mixed petition in federal
district court, and the district court dismisses it under Lundy after the limitations period
has expired, this will likely mean the termination of any federal review" (emphasis
added)); Parmley v. Norris, 586 F.3d 1066, 1073 (8th Cir. 2009) ("As an alternative
basis for reversal, Parmley argues that the district court should have stayed his petition
pursuant to Rhines v. Weber, [544 U.S. 269 (2005),] to allow him to perfect his petition
by pursuing his unexhausted claims in Arkansas state court.  Because the stay-and-
abeyance procedure for mixed habeas petitions is limited to *timely* petitions, *see id.* at
275 . . . , our conclusion that Parmley's petition was untimely renders the stay-and-
abeyance issue moot.").

Nevertheless, addressing the motion for a stay, Petitioner asserts a claim of
newly discovered evidence and argues that, because his claim has merit, "the state
court will have to conduct an evidentiary hearing on his actual innocence issue."  Doc.
23 at 3.  In particular, Petitioner states that he "discovered a previously unknown

eyewitness" at some point "after Petitioner['s] federal proceedings had been initiated pursuant to 28 U.S.C. § 2254." Doc. 23 at 2. Petitioner states that this witness, Andre Robinson, "can provide exculpatory evidence in his behalf" and Petitioner "only discovered Robinson's identity and the nature of his proposed exculpatory testimony, sometime in September of 2011, through Tanisha Lovett-Austin." *Id.* The pendency of this § 2254 proceeding, however, does not prevent Petitioner from filing a Rule 3.850 motion in Florida state court asserting his claim of newly discovered evidence. *See* Fla. R. Crim. P. 3.850(b) (providing that no Rule 3.850 motion may be filed "more than 2 years after the judgment and sentence become final unless it alleges that . . . the facts on which the claim is predicated were unknown to the movant or the movant's attorney and could not have been ascertained by the exercise of due diligence, and the claim is made within 2 years of the time the new facts were or could have been discovered with the exercise of due diligence"). Nothing indicates Petitioner has filed such a motion. Given this, Petitioner has failed to show "good cause" for failing to exhaust this claim.

Further, from the information Petitioner has provided, his unexhausted claim of newly discovered evidence/actual innocence appears questionable. Specifically, Petitioner asserts that he discovered the identity of the previously unknown eyewitness, Andre Robinson, through Tanisha Lovett-Austin "who is also willing and available to testify as to exactly what evidence Andre Robinson had relayed to her and as to when she relayed the information to Petitioner." Doc. 23 at 2. Petitioner further states:

> According to Lovett-Austin, Robinson relayed the following information to her:
>
> On the night, the alleged crimes took place he was actually present and standing near a SUV type vehicle, in which there was a fight going on

between two groups of people. While the fight was transpiring, he saw a black male stick his arm out of the rear passenger window, located on the driver side of the vehicle, and began shooting a firearm. In addition, if necessary he can identify the person he saw shooting the firearm, and he is positive that Rolle was not the person he saw shooting the firearm from the rear passenger window located on the driver side of the vehicle. (This is only a brief summary of the facts as told to Rolle).

Accordingly, Petitioner asked Lovett-Austin if she could contact Robinson and see if he was willing to give a sworn statement and possibly testify to what he had witnessed on the night the crimes were committed. Lovett-Austin eventually got in contact with Robinson who was more than willing to write a sworn statement and testify to the events he had witnessed. After writing the statement, Robinson gave Lovett-Austin the statement to mail to Petitioner. Petitioner spoke with Lovett-Austin, before she was able to mail the statement to Petitioner, and was told that the statement contained an oath, in compliance with Florida Statute [sic] 92.525(1)(b) and (2), but failed to be notarized by an official notary public. The Petitioner then instructed Lovett-Austin to have the statement notarized by a notary public, but as of the date of this motion, Lovett-Austin and Andre Robinson has been unable to get together to have the statement notarized, due to lack of communication between the two and their conflicting work schedules. Therefore, as of the date of this motion, Robinson's sworn statement has not been notarized by a notary public. However, the statement does contain an unnotarized oath. See: Fla. Stat. 95.525(1)(b). . . .

Doc. 23 at 2-3. Petitioner filed this motion on February 7, 2012. *Id.* at 1, 5. Petitioner did not attach anything to the motion, so it has not been accompanied by any affidavits, notarized or unsworn statements, and Petitioner has not filed anything in this case since that time. Given this lack of support, it does not appear that Petitioner's claim is "potentially meritorious."

Petitioner has thus failed to satisfy the first two elements of the <u>Rhines</u> test. As to the third element, nothing indicates Petitioner has engaged in intentionally dilatory litigation tactics. Nevertheless, given the analysis above, he has failed to satisfy the

other elements of the <u>Rhines</u> test and, therefore, his motion seeking a stay should be denied.

Finally, to the extent Petitioner argues "actual innocence" and the court should consider his § 2254 petition even though it is time-barred under AEDPA's one-year limitation period, Petitioner has failed to demonstrate he is entitled to review of his petition pursuant to such an exception. *See* Doc. 23 at 4 ("[I]f this Court concludes that, the Petitioner is in fact not entitled to such tolling; a finding of actual innocence in this case, opens the gateway for this Court to hear Petitioner's procedurally defaulted claims."). Indeed, such an "actual innocence" exception, if it exists in this context, requires Petitioner "(1) to present 'new reliable evidence . . . that was not presented at trial,' and (2) to show 'that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt' in light of the new evidence." <u>Rozzelle v. Sec'y, Fla. Dep't of Corr.</u>, 672 F.3d 1000, 1011 (11th Cir. 2012) (citations omitted; quoting <u>Schlup v. Delo</u>, 513 U.S. 298, 324, 327 (1995)). Such a claim "requires [a] petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." <u>Schlup</u>, 513 U.S. at 324. In this case, as indicated above, Petitioner has not supported his allegations with any such "new reliable evidence." *Cf., e.g.,* <u>Kuenzel v. Comm'r, Ala. Dep't of Corr.</u>, 690 F.3d 1311, 1316 (11th Cir. 2012) (analyzing claim of actual innocence in attempt to satisfy <u>Schlup</u> gateway and explaining "Petitioner has now offered several pieces of 'new evidence' – affidavits, declarations, and other material – that he contends sufficient establish his actual innocence of the crime"). *See, e.g.,* <u>Anderson v. Tucker</u>, No.

3:11cv210/MCR/EMT, 2012 WL 4794630, at *7 (N.D. Fla. Aug. 30, 2012) (report and recommendation rejecting petitioner's "actual innocence" gateway argument based on "newly discovered evidence" and explaining, in part: "Regarding the potential testimony of Bill Jones, Petitioner has offered no *reliable* evidence, for example, an affidavit or deposition testimony, of the substance of Mr. Jones's testimony if he had testified at Petitioner's trial."); Likely v. Sec'y, Dep't of Corr., No. 3:11cv187/LAC/EMT, 2012 WL 1854275, at *5 (N.D. Fla. Apr. 19, 2012) (report and recommendation rejecting petitioner's "actual innocence" gateway argument and explaining: "Petitioner failed to support her allegations with any reliable evidence.  Indeed, she has not provided any evidence, for example, an affidavit from Ms. Moultrie, showing that Ms. Moultrie would have testified to the facts alleged by Petitioner."); Young v. Tucker, No. 3:11cv251/MCR/EMT, 2012 WL 1605893, at *4 (N.D. Fla. Mar. 20, 2012) (report and recommendation rejecting "actual innocence" argument and explaining: "In the instant case, Petitioner has not supported his allegations with any new reliable evidence of his innocence.  Therefore, he has failed to make a threshold showing of actual innocence.").

Based on the foregoing, Petitioner's motion for a stay should be denied.

## Conclusion

Petitioner is not entitled equitable tolling or a stay of this proceeding, the matters for the undersigned to consider pursuant to the District Court's order of remand.  Doc. 25.  Based on the findings contained in the previous Report and Recommendation, Doc. 19, adopted and incorporated herein, the petition for writ of habeas corpus filed

pursuant to 28 U.S.C. § 2254, Doc. 12, should be dismissed with prejudice as untimely.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted).  Therefore, the Court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  The parties shall make any argument as to whether a certificate should issue by objections to this report and recommendation.

Leave to appeal in forma pauperis should also be denied.  See Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## Recommendation

It is therefore respectfully **RECOMMENDED** that the Court **DENY** Petitioner's motion to stay (Doc. 23), and **DISMISS** Petitioner's § 2254 petition (Doc. 12)  as

untimely.  It is further **RECOMMENDED** that a certificate of appealability be **DENIED**

and that leave to appeal in forma pauperis be **DENIED**.

       **IN CHAMBERS** at Tallahassee, Florida, on November 8, 2012.


                 S/    Charles A. Stampelos
                 **CHARLES A. STAMPELOS**
                 **UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO PARTIES

       **Within fourteen (14) days after being served with a copy of this report and recommendation, a party may serve and file specific, written objections to the proposed findings and recommendations.  A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**